OPINION of the Court, by
Judge Wallace.
This is a contest for land held under adversary titles ; and as Rice was complainant in the court below, his claim must be first investigated. It is founded on the following entry : “ January 22, 1783 — Fisher Rice enters 1400 acres of land, See. on the Kentucky river, to adjoin William Walker’s, deceased, settlement and preemption on the lower side, and James Thomas’s entry of 300 acres on the upper side, and to extend out south-wardly between the before mentioned claims for quantity.”
It appears that, December 29, 1779, the heirs of William Walker obtained from' the commissioners a certificate for a settlement and pre-emption on the south side ot Kentucky river, opposite to the mouth of Red river, which specifies that the settlement was to include the above location, and the pre- empdion to adjqin the settlement. And, February 3, 1780, the settlement, was entered with the surveyor’ in the same words as the location with the commissioners. " * ,,
It seems to be admitted that Red river was generally known by that name at the date of this certificate and «ver since ; and it must be presumed that Kentucky *108 river was e Opposite to the mouth. of Red river, (which is on the north side of the Ken qually well known. :r, (whic tucky) does not necessarily mean at the mouth ; but as there is no other call in this location but on the south side of Kentucky, requiring a different construction, it ought to be taken to mean a point opposite to the mouth of Red river, with only the intervention of Kentucky river between them ; and then, conformably to numerous decisions, this settlement should have been surveyed in as nearly a square as possible, making the south bank of Kentucky its base, and extending equal distances up and down the same from the point aforesaid. To this settlement thus laid off, Rice’s survey ought to have adjoined, if his entry can be supported at all. Indeed he calls to adjoin the settlement and pre-emption ; but the pre-emptioh had not assumed a precise form or situation when Rice’s entry was made, it not having then been located with the surveyor ; and in the last decision in the pase Kenny vs. Whitledge, it was adjudged by this court that a pre-emption appendant to a settlement, had no definite situation until it was located with the surveyor. — See Hughes’s Reports 129. That adjudication has since been approbated in several other cases ; and moreover, as a necessary corollary or deduction from it, it has also been adj udged that a calj for a pre-emption of that kind, before it had been properly entered with the surveyor, was too vague to be regarded — See Woods vs. Patrick, Pr. Dec. 66. In this particular case however, perhaps the call for the pre-emption might with propriety be disregarded; because it is not conceived that to adjoin the settlement below, would be more injurious to Grubbs or White than adjoining the settlement and pre-emption below would have been, had the pre-emptibn been located to adjoin the settlement in any manner or form whatsoever.
Creen vs. JVat-fpn, 105 — fldP-w Thomp“
Entiy 41 on the lsf„ fide of Kentucky op-pniiie the mouth of Red river,” good location— and the manner of purveying di* ttéttá — Vide Calk 1is, Strib-/⅛, vol. I, f» S'
Entry to adjoin N’s fettle» xnent and preemption, before yre-emptionwas located, to adjoin fettiement only — yideroi. S, p. 633, rule
And efpeci-aliy where to apply it to the fectlemeru only would operate snoft in favor ©f the adverfary claimant — ¡fide Smith vs. Harm TCW, V0l. I, p, 30Z.
Entry on the S. fide of Ky. about 2 miles below the mouth of Red river, beginning ata tree marked 1„ S. on the bank of the river; the tree generally beio^a i z 3 miles on a, d"ea tn™n&r.% ccjuld not have , been f°“nd b7 «¾” ' ' ⅞ "'
*108 The call to adjoin James Thomases entry of 300 acres on the upper side, will now bp considered. It appears that, “ May 23, 1780, James Thomas entered 300 acres of land, &c. on the south side of Kentucky, about uvo miles below the mouth of Red river, beginning at a tree marked I. S. on the bank of the river, and running down the river for quantity.” To identify this beginning, a certificate of Jacob Starns has been produced and admitted, which states that he marked either a *109 beech or sycamore tree with I. S., which stood about 80 or 40 yards below a ford which is a small distance a-bovc the mouth of upper Howard’s creek. The testimony of John Hamilton is likewise produced, who says that in the year 179Í, he saw a beech tree standing where his deposition wa! taken .(below the mouth of Howard’s creek, in Madison county) marked I, S» which he believed was the tree marked by Jacob S.tarns for James Thomas’s beginning. And the deposition of Thomas Lacky, who says that in the year 1789, he saw a beech tree standing in the bottom, &c. (it may be presumed in the same bottom where Hamilton’s deposition was taken) marked with letters of some kind ,- and they both shewed a stump, from which they believed the tree had been cut down. Moreover, it is admitted that the mouth of Howard’s creek is truly represented in the connected plat; that Starns marked the tree on the south side of Kentucky river previous to the date of Thomas’s entry, and that; he made the entry. From this evidence there is some probability that the tree intended by the locator of Thomas’s entry, stood some where on the bank of Kentucky river, or in the bottom, aot far from the mouth of upper Howard’s creek, which is about two and two-thirds miles on a direct course, and about three anda fourth miles with the meanders of Kentucky river, below the mouth of Red river : and if this tree was proven to have been generally known at the time l oom >.s>s entry was made, its notoriety might have removed the uncertainty whether about two miles below the mouth of Red river on a direct course, or with, the meanders of Kentucky, was intended, as well a» the uncertainty arising from the great disparity of the actual distance from the distance called for when taken in either of those ways. To avoid this uncertainty, the court below seems to have rejected the call beginning at a tree marked L S. &c. and only regarded the expression anout two mites below the. mouth of Red river ; which is certainly subversive of the well eslab-lished principle, that no part of an entry ought to be rejected, unless what is evidently mere surplusage, or absolutely repugnant to other expressions which are ,more important; because to fk> more would not be con-atruing entries, but making them. But the expression about two miles below the mouth of Red river, is obvi- *110 ooslf only a general call; and to substitute this, is the place of the expression beginning at a tree marked I. S, &c. which is the only special, o*-locative call in the entry, is still more inadmissible. But with regard to this marked tree, it may be further observed, that it is not proven to have been seen by any person for 9 or 10 years after Thomas’s entry was made, nor that it. could have been certainly found by using reasonable diligence. And if all this could be dispensed with, the precise situation of Ae tree is not exhibited ; which would forbid the court to sustain the call for it, even had it been known by every person conversant with that section of the country. It need not be added, that until the precise situation of Thomas’s entry is ascertained, it cannot be ascertained how far Rice’s entry ought to be extended to the south, or how much it will interfere with the claims of Grubbs and White.
The ®nuy ca.nnot ¡>e juiV ‘⅛⅛⅞⅞ the tn» andta-k.!n# the e*ait *»uyi.
Entry to lie wKemucky river to adjoin W’s Settlement on the lower fide •nd T*s entry on the upper fide, and to extend out fouth-wardly between thofe claims for quantity, not Supported be-eaufe T't location was neither notorious nor ftatiñed.
Wherefore it is decreed and ordered that the said decree of the circuit court for the county of Madison be reversed, and that the appellee do pay unto them their costs in this court expended : and it is further decreed and ordered that the suit be remanded to the said circuit court, that it may dismiss the said Rice’s bill, and enter up a decree against Rice in favor of Grubbs and White, for their costs in that court.expended.